BOHM, MATSEN, KEGEL & AGUILERA, LLP
A. Eric Aguilera (SBN 192390)
Jason Y. Chao (SBN 250735)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501
eaguilera@bmkalaw.com
jchao@bmkalaw.com

Attorneys for Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FIDELITY AND GUARANTY INSURANCE COMPANY; and ST. PAUL MERCURY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY AND GUARANTY INSURANCE COMPANY, an Iowa corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation<br><br>Plaintiffs,<br><br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a Delaware; STEADFAST INSURANCE COMPANY, a Delaware corporation; PROBUILDERS SPECIALTY INSURANCE COMPANY, a District of Columbia corporation; AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation; CRV EL CENTRO PARTNERS, L.P., a California limited partnership; INNOVATIVE COMMUNITIES, INC., a California | Case No. 10 CV 1649 BTM POR<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S, FIDELITY AND GUARANTY INSURANCE COMPANY'S AND ST. PAUL MERCURY INSURANCE COMPANY'S COMPLAINT FOR:<br><br>(1) EQUITABLE CONTRIBUTION;<br><br>(2) DECLARATORY RELIEF;<br><br>(3) REIMBURSEMENT; AND<br><br>(4) BREACH OF CONTRACT |

corporation; and DOES 1 through 10 inclusive,

        Defendants.

Comes now Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FIDELITY AND GUARANTY INSURANCE COMPANY, and ST. PAUL MERCURY INSURANCE COMPANY (collectively referred to as "Plaintiffs") and plead the following allegations on information and belief in support of its Complaint herein:

1. The present action seeks equitable contribution and a judicial declaration concerning the rights and obligations as amongst insurance carriers which issued liability insurance policies purportedly covering two defendants sued in an action currently pending in the Superior Court of the State of California, in and for the County of Imperial, styled *Fausto, et al. v. CRV El Centro Partners, L.P. et al.*, case number ECU04913 (the "Underlying Action").

## JURISDICTION

2. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiff FIDELITY AND GUARANTY INSURANCE COMPANY ("FGIC") is now, and at all relevant times was, a corporation, existing under the laws of the State of Iowa with its principal place of business in St. Paul, Minnesota. FGIC is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

4. Plaintiff ST. PAUL MERCURY INSURANCE COMPANY ("St. Paul")

is now, and at all relevant times was, a corporation, existing under the laws of the State of Minnesota with its principal place of business in St. Paul, Minnesota. St. Paul is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

5. Plaintiffs are informed and believe and thereon allege that Defendant EVEREST INDEMNITY INSURANCE COMPANY ("Everest") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Liberty Corner, New Jersey. Plaintiffs are further informed and believe and thereon allege that Everest is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

6. Plaintiffs are informed and believe and thereon allege that Defendant STEADFAST INSURANCE COMPANY ("Steadfast") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dover, Delaware. Plaintiffs are further informed and believe and thereon allege that Steadfast is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

7. Plaintiffs are informed and believe and thereon allege that Defendant PROBUILDERS SPECIALTY INSURANCE COMPANY ("Probuilders"), is a corporation organized and existing under the laws of the District of Columbia with its principal place of business in The District of Columbia. Plaintiffs are further informed and believe and thereon allege that Probuilders is, and at all times relevant was, an insurance carrier eligible to do business as an insurer in the State of California.

8. Plaintiffs are informed and believe and thereon allege that Defendant AMERICAN SAFETY INDEMNITY COMPANY ("American Safety"), is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Atlanta, Georgia. Plaintiffs are further informed and

1  believe and thereon allege that American Safety is, and at all times relevant was, an
2  insurance carrier eligible to do business as an insurer in the State of California.

3      9. Plaintiffs are informed and believe and thereon allege that Defendant
4  AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY
5  ("AISLIC"), is a corporation organized and existing under the laws of the State of
6  Alaska with its principal place of business in New York, New York. Plaintiffs are
7  further informed and believe and thereon allege that AISLIC is, and at all times
8  relevant was, an insurance carrier eligible to do business as an insurer in the State of
9  California.

10      10. Plaintiffs are informed and believe and thereon allege that Defendant
11  CRV EL CENTRO PARTNERS, L.P. ("CRV El Centro"), is, a limited partnership,
12  existing under the laws of the State of California with its principal place of business
13  in California.  Plaintiffs are further informed and believe and thereon allege that
14  CRV El Centro is, and at all times relevant was eligible to do business and is doing
15  business in the State of California.

16      11. Plaintiffs are informed and believe and thereon allege that Defendant
17  INNOVATIVE COMMUNITIES, INC. ("Innovative"), is, a corporation, existing
18  under the laws of the State of California with its principal place of business in
19  California.  Plaintiffs are further informed and believe and thereon allege that
20  Innovative is, and at all times relevant was eligible to do business and is doing
21  business in the State of California.

22      12. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein
23  by such fictitious names because Plaintiffs are unaware of the true names and
24  capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the
25  true names when the same are ascertained. Plaintiffs are informed and believe and
26  thereon allege that said DOE defendants are responsible for the acts, events, and
27  circumstances alleged herein, or are interested parties to this action.

13. The amount in controversy exceeds $75,000, and represents fees and costs sought in connection with the defense and indemnification of Defendants CRV El Centro and Innovative with regard to the Underlying Action.

14. This Court has diversity jurisdiction as Plaintiffs are domiciled in Connecticut and Minnesota and the Defendants are domiciled in New Jersey, Delaware, the District of Columbia, Georgia, New York, and California.

## VENUE

15. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

**A. The Insurance Policies**

16. Plaintiff Travelers issued the commercial general liability insurance policy numbered I-680-2897C731-TIL (effective 4/12/06 – 4/12/07), under which West Coast Countertops was the named insured.

17. Plaintiff FGIC issued the commercial general liability insurance policies numbered BK01714446 (effective 4/12/04 – 4/12/05), and BK02126663 (effective 4/12/05 – 4/12/06) under which West Coast Countertops was the named insured.

18. Plaintiff St. Paul issued the commercial general liability policy numbered CK08100356 (effective 6/30/07 – 6/30/08) under which Executive Landscape, Inc. was the named insured.

19. Plaintiffs are informed and believe and thereon allege that Defendant Everest issued commercial general liability policy(ies) of insurance under which Defendants CRV El Centro and/or Innovative were named insureds.

20. Plaintiffs are informed and believe and thereon allege that Defendant Steadfast issued commercial general liability policies of insurance, effective 2/1/04 – 3/1/08 under which Home Depot USA, Inc. dba Creative Interiors was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on these policies.

21. Plaintiffs are informed and believe and thereon allege that Defendant Probuilders issued a commercial general liability policy of insurance, effective 7/8/04 – 7/8/05 under which Falcon Framing Company, Inc. was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on this policy.

22. Plaintiffs are informed and believe and thereon allege that Defendant Probuilders issued a commercial general liability policy of insurance, effective 6/25/04 – 6/25/05 under which Lara Air Conditioning was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on this policy.

23. Plaintiffs are informed and believe and thereon allege that Defendant American Safety issued commercial general liability policies of insurance, effective 12/15/03 – 12/15/05 under which Guy Evans, Inc. dba A-1 cabinets was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on these policies.

24. Plaintiffs are informed and believe and thereon allege that Defendant American Safety issued a commercial general liability policy of insurance, effective 2/10/05 – 2/10/06 under which Valencia Brothers, Inc. was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on this policy.

25. Plaintiffs are informed and believe and thereon allege that Defendant AISLIC issued a commercial general liability policy of insurance, effective 10/1/05 – 6/30/07 under which Western Shower Door, Inc. was a named insured. Plaintiffs are further informed and believe and thereon allege that Defendants CRV El Centro and Innovative were named as additional insureds on this policy.

26. Plaintiffs are informed and believe and thereon allege that each of the policies issued by the Defendants identified herein fictitiously as DOES 1 to 10 name or designate CRV El Centro and/or Innovative as an insured thereon, whether as named insured or additional insured.

27. Defendants are each in possession of their respective policies of insurance and know the terms and contents thereof, to an equal or greater extent than Plaintiffs. However, on information and belief, Plaintiffs alleges that each of the defendants' policies provide an insuring agreement and that each of the Defendants' policies are written on standard forms which provide, in part, an agreement to defend any insured from and against suits seeking damages covered under the insurance policy.

28. Plaintiffs are informed and believe that by reason of the Defendants' declarations and/or additional insured endorsements, CRV El Centro and Innovative are insureds on Defendants' policies for purposes of the insuring agreement(s) therein.

**B.   The Underlying Action**

29. On or about December 15, 2008, 51 homeowners residing in the "Buena Vista" community located in El Centro, California filed a construction defect litigation against Defendants CRV El Centro and Innovative entitled *Fausto, et al. v. CRV El Centro Partners, L.P. et al.*, case number ECU04913 (the "Underlying Action").

30. Plaintiffs are informed and believe that Defendants CRV El Centro and Innovative tendered the defense of the Underlying Action to their direct carrier,

Defendant Everest. Plaintiffs are further informed and believe that Defendant Everest denied the tender.

31. Plaintiffs are informed and believe that Defendants CRV El Centro and Innovative tendered the defense of the Underlying Action to no less than 15 of the insurance carriers for various of the subcontractors who performed work on the project (collectively referred to as "AI carriers"), including to Plaintiffs and Defendants Steadfast, Probuilders, American Safety and AISLIC, contending that Defendants CRV El Centro and Innovative are entitled a defense as an additional insured under the AI carriers' policies.

32. Plaintiffs are informed and believe and thereon allege that Defendants Steadfast, Probuilders, American Safety and AISLIC all denied the additional insured tenders of Defendants CRV El Centro and Innovative and refused to participate in their defense with respect to the Underlying Action.

33. Plaintiffs are informed and believe that the parties sued herein as 'Does 1 - 10" have, to date, failed or refused to defend Defendants CRV El Centro and Innovative in the Underlying Action.

34. Plaintiffs each accepted the tender of defense by Defendants CRV El Centro and Innovative, agreeing to defend Defendants CRV El Centro and Innovative in the Underlying Action under their respective policies, subject to a full reservation of rights. In addition to other limitations within Plaintiffs' respective policies, any defense and indemnity obligations that may be owed to Defendants CRV El Centro and Innovative are limited to the extent that Defendants CRV EL Centro and Innovative are held liable for the negligence of Plaintiffs' respective named insureds.

35. Plaintiffs have paid their equitable share of Defendants CRV El Centro and Innovative's defense costs in the Underlying Action and have incurred substantial costs in connection with CRV El Centro's and Innovative's defense.

36. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC each owe a continuing duty to defend and indemnify Defendants CRV El Centro and Innovative in the Underlying Action.

37. Because the Defendants have failed and refused to participate in the defense of CRV El Centro and Innovative, in breach of their obligations under their respective policies of insurance, Plaintiffs have paid, are paying, and will pay more costs than they would pay if Defendants participated in the defense of CRV El Centro and Innovative. Plaintiffs are therefore paying an excessive and inequitable share of the costs of defending CRV El Centro and Innovative in the Underlying Action.

38. Plaintiffs respective named insureds, West Coast Countertops and Executive Landscape, Inc., each recently agreed to settle their portions of the claims in the Underlying Action for $1,000 each. Based upon the settlement amounts of Plaintiffs' named insureds, Plaintiffs further contend that they have paid in excess of their equitable share for the defense of Defendants CRV El Centro and Innovative.

39. Plaintiffs have paid a total of $186,606.11 for the defense of Defendants CRV El Centro and Innovative. As of the filing of this complaint, Defendants CRV El Centro and Innovative have currently demanded that Plaintiffs pay an additional approximately $191,000 in defense costs. Further, while Plaintiffs' named insureds, West Coast Countertops and Executive Landscape, Inc. have each agreed to settle their portions of the Underlying Action for $1,000 each, Defendants CRV El Centro and Innovative will not allow the settlement to be finalized and the releases to be signed until Plaintiffs pay the $191,000 without objection.

//
//
//
//
//

## FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (Against Defendants Everest, Steadfast, Probuilders, American Safety, AISLIC, and DOES 1 through 10)

40.   Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

41.   In the Underlying Action, the homeowner plaintiffs seek monetary damages from CRV El Centro and Innovative for, among other things, defective construction for which CRV El Centro and Innovative are or were allegedly responsible.

42.   Plaintiffs are defending Defendants CRV El Centro and Innovative against the claims asserted against Defendants CRV El Centro and Innovative in the Underlying Action, pursuant to the terms and conditions of its liability insurance policies, and subject to a full reservation of its rights.

43.   Plaintiffs are informed and believe and thereon allege that policies issued by Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC provide liability insurance to Defendants CRV El Centro and Innovative, designating Defendants CRV El Centro and Innovative as named insureds or additional insureds thereon. Plaintiffs are further informed and believe and thereon allege that the allegations made, pleaded or otherwise asserted against Defendants CRV El Centro and Innovative in the Underlying Action, if true, set forth claims for damages potentially covered under Defendants' policies.

44.   As such, Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC, and each of them, are obligated to participate in the defense of Defendants CRV El Centro and Innovative in the Underlying Action by reason of their respectively underwritten policies of insurance, which provide an agreement to

undertake the duty to defend suits seeking damages from bodily injury or property damage covered under their respective policies.

45. All conditions precedent to Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC's obligations under their respective policies of insurance have been satisfied, waived, and/or excused. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC's obligations to defend Defendants CRV El Centro and Innovative are currently due and owing.

46. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC have to date failed to participate in the defense of Defendants CRV El Centro and Innovative, and failed to contribute a full and equitable share toward Plaintiffs' costs of defending Defendants CRV El Centro and Innovative which have been incurred and which are being incurred in connection with the Underlying Action.

47. By reason of these defendants' failure to discharge their obligations and participate in the defense of Defendants CRV El Centro and Innovative, Plaintiffs have incurred and/or paid, and will incur and/or pay, more costs than they would have, had Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC agreed to defend Defendants CRV El Centro and Innovative in performance of their due and owing obligations under their respective insurance policies.

48. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC's failure to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that Plaintiffs are paying and have paid more than their equitable share of the costs of defending Defendants CRV El Centro and Innovative in the Underlying Action without the participation of Defendants in paying for such costs.

49. Because of Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC's wrongful failure to discharge their obligations under their respective policies of insurance, Plaintiffs are entitled to an award of equitable contribution, to

reimburse them for costs equivalent to each Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC's fair and equitable proportionate share of the total costs of defense incurred in connection with the claim against Defendants CRV El Centro and Innovative, with interest thereon at the prescribed legal rate.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## Count One (Against Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC, and DOES 1 through 10)

50. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

51. An actual, present and justiciable controversy has arisen and now exists between Plaintiffs on the one hand and Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC on the other, concerning their respective rights, duties and obligations under the insurance policies issued by each of them.

52. In particular, Plaintiffs contends, and Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC deny the following:

   a. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC had and have a duty to defend Defendants CRV El Centro and Innovative against the claims, demands, actions and causes of action asserted against Defendants CRV El Centro and Innovative in the Underlying Action;

   b. Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC had and have an equitable duty and responsibility to pay a fair and proportionate share of the costs of defense incurred on behalf of Defendants CRV El Centro and Innovative;

   c. The costs of defending Defendants CRV El Centro and Innovative have been and are being borne disproportionately by Plaintiffs; and

     d. The costs associated with the defense of Defendants CRV El Centro and Innovative should be equitably apportioned between and among Plaintiffs and Defendants Everest, Steadfast, Probuilders, American Safety, and AISLIC under applicable law and equitable principles.

53. Plaintiffs assert and contend that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their obligations to pay for the defense of Defendants CRV El Centro and Innovative against the allegations made in the Underlying Action.

**Count Two (Against Defendants Everest, CRV El Centro and Innovative and DOES 1 through 10)**

54. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

55. An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs on the one hand, and the Defendants Everest, CRV EL Centro and Innovative on the other, concerning Plaintiffs' rights, duties, and obligations under the respective policies of insurance issued by Plaintiffs.

56. Plaintiffs contends that pursuant to their respective policies issued to West Coast Countertops and Executive Landscape, Inc., notwithstanding any other limitations and exclusions contained within the policies, Plaintiffs have a duty to defend Defendants CRV EL Centro and Innovative in the Underlying Action as additional insureds only to the extent the Defendants CRV EL Centro and Innovative are held liable for the negligence of Plaintiffs' respective named insureds. Plaintiffs further contend that in paying the $186,606.11, Plaintiffs have already paid more than they were obligated to pay and that Plaintiffs do not owe Defendants CRV El Centro and Innovative any additional amounts.

57. Plaintiffs are informed and believe and based thereon allege that Defendants Everest, CRV EL Centro and Innovative dispute these contentions and contend that as additional insureds under Plaintiffs' respective policies issued to West Coast Countertops and Executive Landscape, Inc., primary responsibility for their entire defense in the underlying action shifted from its direct insurer Everest, to Plaintiffs despite the fact that only $2,000 of potential liability are attributed to Plaintiffs' named insureds. Plaintiffs are further informed and believe that Defendants CRV El Centro and Innovative currently contend that Plaintiffs owe $191,000 for their defense, in addition to the $186,606.11 that Plaintiffs have already paid.

58. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between Plaintiffs and Defendants Everest, CRV EL Centro and Innovative may be determined under the provisions of the applicable policies of insurance.

**THIRD CAUSE OF ACTION FOR REIMBURSEMENT**

**(Against Defendants CRV El Centro and Innovative)**

59. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

60. Plaintiffs each accepted the tender of defense by Defendants CRV El Centro and Innovative, agreeing to defend Defendants CRV El Centro and Innovative in the Underlying Action under their respective policies, subject to a full reservation of rights. When Plaintiffs agreed to participate in the defense of Defendants CRV El Centro and Innovative, they specifically reserved their respective rights to seek reimbursement from Defendants CRV El Centro and Innovative of any defense related payments that Plaintiffs may make that are not potentially covered under the applicable policies.

61. In addition to other limitations within Plaintiffs' respective policies, any defense and indemnity obligations that may be owed to Defendants CRV El Centro and Innovative are limited to the extent that Defendants CRV EL Centro and Innovative are held liable for the negligence of Plaintiffs' respective named insureds.

62. Plaintiffs' named insureds have each agreed to settle their respective portions of the claims for $1,000 each. In paying $186,606.11, Plaintiffs have paid more than the portion of the defense costs that can be attributed to the liability of Plaintiffs' named insureds and have therefore made defense related payment outside of the scope of coverage under Plaintiffs' policies.

63. Plaintiffs are entitled to reimbursement of any defense related payments that were made that are not potentially covered under the applicable policies. Plaintiffs are entitled to reimbursement of some or all of the $186,606.11 that Plaintiffs have already paid to the extent that such defense costs do not arise out of covered damages caused by West Coast Countertop's or Executive Landscape, Inc.'s work.

## FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

**(Against Defendants CRV El Centro and Innovative)**

64. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

65. Under the terms of Plaintiffs' policies with West Coast Countertops and Executive Landscape, Inc., the insured and additional insureds are mandated to cooperate with Plaintiffs with regard to all aspects of coverage, including any defense afforded under the policies.

66. Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the referenced insurance policies.

67. Defendants CRV El Centro and Innovative have breached the referenced insurance policies by breaching their duty to cooperate pursuant to the terms of the policies. Specifically, Defendants CRV El Centro and Innovative have breached the insurance policies and their duty to cooperate by deliberating preventing the settlement agreements of West Coast Countertop and Executive Landscape, Inc. from being finalized in an effort to extract additional money to which they are not entitled from Plaintiffs.

68. As a result of Defendants CRV El Centro's and Innovative's breach of the insurance policies and breach of the duty to cooperate have been damaged in a sum to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment, as follows:

1. Under the First Cause of Action, an order of monetary damages to Plaintiffs from Defendants, and each of them, to reimburse Plaintiffs for some or all of the defense costs incurred to date, in an amount that is determined to be fair and equitable, with interest thereon at the proscribed legal rate; and

2. Under the Second Cause of Action, a judicial declaration that:

    a. Defendants, and each of them, have and had a duty and obligation to defend Defendants CRV El Centro and Innovative in connection with the Underlying Action; and

    b. The costs associated with the defense of Defendants CRV El Centro and Innovative should be equitably apportioned between Plaintiffs and these Defendants; and

    c. Plaintiffs have paid more than they were obligated to pay under their respective policies and do not owe Defendants CRV El Centro and Innovative any additional amounts.

3. Under the Third Cause of Action, an order of monetary damages to Plaintiffs from Defendants CRV El Centro and Innovative, to reimburse Plaintiffs for some or all of the defense costs paid to date, in an amount that is determined to be fair and equitable, with interest thereon at the proscribed legal rate; and

4. Under the Fourth Cause of Action, an order of monetary damages to Plaintiffs from Defendants CRV El Centro and Innovative, to compensate Plaintiffs for Defendants breach of the insurance policies and the duty to cooperate, with interest thereon at the proscribed legal rate; and

5. For attorneys' fees and costs;

6. For prejudgment interest;

7. For costs of suit herein; and

8. For such other and further relief as this Court deems just and proper.

Dated: August 6, 2010

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**

_____
A. Eric Aguilera, Esq.
Jason Chao, Esq.
Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; FIDELITY AND GUARANTY INSURANCE COMPANY and ST. PAUL MERCURY INSURANCE COMPANY

**ORIGINAL**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Travelers Property Casualty Company of America, A Connecticut corporation

(b) County of Residence of First Listed Plaintiff: **Hartford, CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bohm, Matsen, Kegel & Aguilera, LLP
714-384-6500

## DEFENDANTS
Everest Indemnity Insurance Company, a Delaware

2010 AUG -6 PM 3:04

County of Residence of First Listed Defendant: **Somerset County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 1649 BTM POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C 1332
Brief description of cause:
Declaration and determination that Plaintiff has neither a duty to defend nor a duty to indemnity and

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/06/2010
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # 16680   AMOUNT $350   8/6/10 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____


CP

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016680
Cashier ID: bhartman
Transaction Date: 08/06/2010
Payer Name: BOHM MATSEN KEGEL
--------------------------------
CIVIL FILING FEE
 For: TRAVELERS CO. V EVEREST INDEM
 Case/Party: D-CAS-3-10-CV-001649-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 22124
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```