# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al.,<br><br>            Plaintiffs,<br>    v.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, et al.<br><br>            Defendants. | Case No. 10cv1649 BTM(POR)<br><br>**ORDER CONTINUING HEARING ON ORDER TO SHOW CAUSE AND REQUIRING SUPPLEMENTAL BRIEFING** |

    In an Order to Show Cause filed on August 19, 2010, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of jurisdiction. The Court explained that with respect to defendant CRV El Centro Partners, L.P. ("CRV El Centro"), it is unclear whether any of the partners of the limited partnership are citizens of Connecticut, Iowa, or Minnesota, a circumstance that would destroy diversity.

    In their response to the OSC, Plaintiffs submit copies of a Certificate of Limited Partnership and Amendment filed by CRV El Centro with the Secretary of State for the State of California. These papers show that the business address for CRV El Centro's general partner, Capstone Residential Venture IX (GP/El Centro) LLC, is in California. However, the fact that the general partner's address is in California does not answer the question of the general partner's citizenship. For purposes of diversity jurisdiction, a partnership is a citizen of all of the states of which its partners are citizens. It appears that Capstone Residential

1  Venture IX LLC is the sole member of Capstone Residential Venture IX (GP/El Centro) LLC.
2  The Court does not know the citizenship of the members of Capstone Residential Venture
3  IX LLC, and therefore cannot make a determination regarding the citizenship of Capstone
4  Residential Venture IX (GP/El Centro).

5  Plaintiffs also point to CRV El Centro's cross-complaint, which contains the allegation:
6  "All partners of CRV El Centro Partners, LP are and were at all times mentioned herein,
7  residents of the State of California, living in the County of San Diego." However, the fact that
8  the partners may be "residents" of California does not mean that they are not citizens of other
9  states. For purposes of venue, "residence" of an unincorporated association is the place
10 where it conducts its principal business operations. Decker Coal Co. v. Commonwealth
11 Edison Co., 805 F.2d 834, 841 (9th Cir. 1986). In contrast, for purposes of diversity
12 jurisdiction, a partnership or association is a citizen of every state in which any of its
13 members is domiciled.

14 It is still unclear whether the Court has diversity jurisdiction over this action.
15 Therefore, the Court orders Plaintiffs to file a supplemental response on or before **October
16 18, 2010**. The Court **CONTINUES** the hearing on the OSC to **October 22, 2010 at 11:00
17 a.m.** Unless otherwise directed by the Court, there shall be no oral argument and no
18 personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: September 29, 2010

Honorable Barry Ted Moskowitz
United States District Judge