# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., <br><br>          Plaintiffs, <br><br>     v. <br><br> EVEREST INDEMNITY INSURANCE COMPANY, et al. <br><br>          Defendants. | Case No. 10cv1649 BTM(POR) <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On August 6, 2010, Plaintiffs commenced this action in the Southern District of California. Plaintiffs alleged that the Court had diversity jurisdiction over the action. (Compl. ¶ 14.)

In an Order to Show Cause filed on August 19, 2010, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of jurisdiction. The Court explained that with respect to defendant CRV El Centro Partners, L.P. ("CRV El Centro"), it is unclear whether any of the partners of the limited partnership are citizens of Connecticut, Iowa, or Minnesota, a circumstance that would destroy diversity.

In an order filed on October 21, 2010, the Court explained that Plaintiffs had still failed to establish the identity and citizenship of the General Partner and limited partners of CRV El Centro. However, the Court granted Plaintiffs 60 days to conduct limited discovery regarding the citizenship of CRV El Centro (including the identity and citizenship of its

partners, the identity and citizenship of its partners' partners, and so on and so forth).

On January 3, 2011, Plaintiffs filed a supplemental response to the OSC in which Plaintiffs explained that despite their diligent efforts, they were unable to identify the members (and citizenship of the members) of LB Capstone, a Delaware limited liability corporation, which is a member of Capstone Residential Venture IX (GP/El Centro), LLC, which is the General Partner of defendant CRV El Centro Partners, LP. Plaintiffs explained that they had served a subpoena on LB Capstone, requesting documents identifying its members. However, LB Capstone had failed to comply with the subpoena. Plaintiffs requested a continuance of the OSC hearing so that Plaintiffs could bring an application for an order holding LB Capstone in contempt for failure to comply with the subpoena. The Court granted Plaintiffs' request and continued the OSC to March 25, 2011.

On March 22, 2011, Plaintiffs filed another supplemental response to the OSC. Plaintiffs explain that they learned that LB Capstone's partnership interest in Capstone Residential Ventures IX Co. had been assigned to Halcap 2008 LLC in December 2008 (prior to the filing of this lawsuit). CRV El Centro's counsel provided Plaintiffs' counsel with some information regarding Halcap's members, but Plaintiffs' counsel still does not know other essential information such as the identity or citizenship of the members of Zikakis Asset Management, LLC, a member of Halcap 2008 LLC. Plaintiffs seek another continuance of the OSC so that they can serve a subpoena on Zikakis Asset Management, LLC.

The Court denies Plaintiffs' request for an additional continuance. The party asserting diversity jurisdiction bears the burden of proof on the issue. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001). Conclusory statements that all the members or partners of a limited liability company or limited liability partnership are citizens of a certain state (or are not citizens of a certain state) do not satisfy the burden of proof of establishing diversity of citizenship. See <u>Lindley Contours, LLC v. AABB Fitness Holdings, Inc.</u>, 2011 WL 398861 (9th Cir. Feb. 8, 2011) (holding that conclusory statement that none of the limited partnership's members is an Oregon citizen did not satisfy Appellees' burden to establish complete diversity); <u>Iguana, LLC v. Patriot Performance Materials, Inc.</u>, 2008 WL 2967173,

\*1 (M.D. Ga July 30, 2008) ("Defendant's conclusory statement that none of the members of the limited liability company are citizens of the State of North Carolina is insufficient.")

It appears that when Plaintiffs commenced this suit in federal court, Plaintiffs did not really know whether diversity of citizenship existed. Under Fed. R. Civ. P. 11(b), however, allegations of diversity jurisdiction should not be made unless the allegations are based on facts revealed by a reasonable investigation. See Hendrix v. Naphtal, 971 F.2d 398 (9th Cir. 1992) (holding that reliance on a client's conclusion about his domicile was not reasonable inquiry under Rule 11). If Plaintiffs were uncertain about the citizenship of CRV El Centro, Plaintiffs should have filed suit in state court.

The Court has already continued the OSC a number of times and has also continued pending motions so that the issue of jurisdiction can be determined first. It has been seven months since the Court raised the issue of jurisdiction, and there is no guarantee that Plaintiffs can reach the end of their research trail anytime soon.

Therefore, the Court concludes that Plaintiffs have failed to satisfy their burden of establishing diversity jurisdiction and **DISMISSES** this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: March 29, 2011

Honorable Barry Ted Moskowitz
United States District Judge