# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., <br><br>                    Plaintiffs, <br>   v. <br><br> EVEREST INDEMNITY INSURANCE COMPANY, et al., <br><br>                    Defendants. | Case No. 10cv1649 BTM(POR) <br><br> **ORDER DENYING REQUEST TO EXERCISE JURISDICTION OVER ANTI-SLAPP MOTION TO STRIKE** |

On March 29, 2011, the Court dismissed this case for lack of subject matter jurisdiction after Plaintiffs' repeated failures to establish the existence of diversity jurisdiction. Due to the Court's dismissal of the case for lack of subject matter jurisdiction, the Court did not rule on the anti-SLAPP motion to strike filed by defendants Innovative Communities, Inc. and CRV El Centro Partners, LP (collectively "CRV") on September 8, 2010. CRV has filed a "Request that Court Retain Jurisdiction over Anti-SLAPP Motion to Strike." CRV's request is **DENIED**.

In support of its request, CRV cites to cases where courts decided anti-SLAPP motions after voluntary dismissals or dismissals for failure to state a claim. In this case, however, the Court dismissed for *lack of subject matter jurisdiction.* Accordingly, the Court has no jurisdiction to "retain," and no authority to decide a motion regarding the merits of Plaintiffs' claims. See Bell v. Hood, 327 U.S. 678, 682 (1946) ("Whether the complaint states

a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy"); <u>Taylor v. IRS</u>, 2011 WL 1348320, at *1 (E.D. Va. Apr. 8, 2011) ("Having determined that the Court lacks subject matter jurisdiction, it lacks authority to decide the Commonwealth Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).")

The Court notes that Defendants could have raised the issue of subject matter jurisdiction and, under Fed. R. Civ. P. 11(c)(2), demanded that Plaintiff dismiss the Complaint. If, in that scenario, Plaintiff had failed to dismiss the case, Defendants could have moved for Rule 11 sanctions and the Court would have had jurisdiction to award sanctions even after the dismissal of the case. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 389 (1990). However, it was the Court that sua sponte raised the issue of subject matter jurisdiction.

For the reasons stated above, CRV's request to exercise jurisdiction over the Anti-SLAPP motion to strike is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 9, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge